107 N.J. Super. 286 (1968)
258 A.2d 140
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BRUNO JOSEPH SORIANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 12, 1968.
Decided November 27, 1968.
*287 Before Judges SULLIVAN, FOLEY and LEWIS.
Miss Cynthia M. Jacob, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Peter Murray, Public Defender, attorney).
Mr. Robert N. Golden, Assistant Prosecutor, argued the cause for respondent (Mr. Michael R. Imbriani, Somerset County Prosecutor, attorney).
PER CURIAM.
After a jury trial defendant was found guilty of (1) assault upon a policeman who was in uniform and in the performance of his duties, and (2) escape.
Defendant raises five grounds of appeal. Summarized, they are as follows: He was denied a fair and impartial trial because the trial judge "through facial expression, interruption of defense counsel and examination of witnesses indicated his disbelief" of defendant's testimony "and assumed the role of prosecutor"; he was improperly convicted of the crime of escape (N.J.S.A. 2A:85-1) because that crime is embraced by N.J.S.A. 2A:104-6, and the trial judge failed to instruct the jury that the use of force or fraud is a necessary element of the crime of escape; the sentence was excessive; he was subjected to double jeopardy by reason of his having been tried and convicted of disorderly conduct in a Municipal Court; he was denied the right to the effective assistance of counsel.
*288 The essential facts are outlined in defendant's brief and the prosecutor states that they are adopted as set out. We reach the following conclusions:
The interrogation by the judge, despite its length and frenquency, was discretionary, see State v. Riley, 28 N.J. 188, 200 (1958), and was not of a quality which could fairly be said to have deprived defendant of an impartial trial. See State v. Homer, 86 N.J. Super. 351, 364 (App. Div. 1965). See also United States v. De Fillo, 257 F.2d 835, 839 (2d Cir. 1958), cert. denied 359 U.S. 915, 79 S.Ct. 591, 3 L.Ed.2d 577 (1959). Cf. State v. Guido, 40 N.J. 191, 208 (1963). Furthermore, the court in its charge commented upon the fact that he had questioned certain witnesses and instructed the jury that such examination must not influence the jury in its deliberations.
As to the criticized "facial expression" of the judge, which, of course, we are unable to visualize from a reading of the dry record, we note that in his charge the judge expressly instructed the jury that defendant's attorney indicated that during the testimony of one of defendant's witnesses the judge may have smiled or indicated surprise; that he did not know whether or not this was the fact; but if it was found to be such, the jury was not to be influenced by it.
We are satisfied that the curative instructions, in reasonable probability, had the desired effect, when the totality of the evidence is considered.
We are also of the view that in the aggregate of the circumstances the elements of N.J.S.A. 2A:85-1, as it applies to escape, were sufficiently proved to support the conviction of that crime.
The sentences imposed were well within the maximum and will not be disturbed. Sentencing is a discretionary function of the judge, limited by the mandates of the statute. All things considered, including defendant's prior criminal record, the penalty imposed was not shown to be manifestly excessive.
*289 The claim of double jeopardy is without merit. Such defense must be raised by motion prior to trial. R.R. 3:5-5(b)(2). No such motion was made. Moreover, there is no allegation as to what act defendant was convicted of under the disorderly persons statute. If it be presumed that reference is made to his fighting in the street, that is an offense separate and apart from assault upon the police officer, and from escape.
We find that defendant's final point (incompetency of counsel) to be so lacking in substance as to require no discussion.
Affirmed.